EDWARD H. VAN INGEN ET AL.

v.

IDA E. BRABROOK.

27    401
41    60

*Husband and Wife—Property—Common Law in Other States—Presumption—Trespass—Alleged Wrongful Levy.*

1. In the absence of evidence to the contrary, it will be presumed in the courts of this State that the common law prevails in the other States.

2. Where a wife, who has lived with her husband in Massachusetts and Missouri, brings money to this State and invests it in business in her own name, it will be presumed, in the absence of contrary evidence, that the title to such money and the personal property of the wife vested in the hus-

band. This court so holds, although the investment was made in the name of the wife, and although the goods have been sold and replaced many times, thereby largely increasing the fund.

3. In the case presented, in the absence of such evidence, the judgment against the defendants as trespassers for an alleged wrongful levy of an execution against the husband on the property in question, can not be sustained.

[Opinion filed December 7, 1888].

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. DAVID FALES and A. S. TRUDE, for appellants.

The Supreme Court of this State has repeatedly laid down the rule that if a married woman advances her own separate money, and places the same in the hands of her husband for the purpose of carrying on any general trade, although in the wife's name, and the husband, by his labor and skill in that undertaking, increases the funds, the entire capital embarked in the enterprise, together with the increase, will not constitute the separate estate of the wife, but will be liable for the debts of the husband. A married woman can not engage in general trade or business with her husband as her managing agent, to which he must devote all his time, energy and skill, and yet place all his earnings and the profits of said business beyond the reach of his creditors. Wortman v. Price, 47 Ill. 22; Wilson v. Loomis, 55 Ill. 352; Robinson v. Brems, 90 Ill. 351; Snell v. Hannay, 1 Ill. App. 490; Card v. Robinson, 2 Ill. App. 19.

Messrs. FRENCH & MAY, and CRATTY BROS. & ASHCRAFT, for appellee.

A married woman may, with her own means, engage in business, and may employ her husband as her agent, either with or without compensation, and the original investment and all profits will be and remain her own estate. Langford v. Greirson, 5 Ill. App. 362; Dean v. Bailey, 50 Ill. 481; Garvin v. Gacbe, 72 Ill. 447; Primer v. Clabaugh, 78 Ill. 94; Blood v. Barnes, 79 Ill. 437; Bongard v. Core, 82 Ill. 19; Bennett

v. Stout, 98 Ill. 47; Tomlinson v. Matthews, 98 Ill. 178; Abby v. Deyo, 44 N. Y. 343; Miller v. Peck, 18 W. Va. 75; Cooper v. Hain, 49 Ind. 393; Dayton v. Walsh, 47 Wis. 113.

*Per Curiam.* Appellee was married to William F. Brabrook in 1863. They resided in Massachusetts for a number of years immediately preceding the year 1880, when they removed to Kansas City, Missouri, where they made their residence until September, 1881. At that time they removed to, and have ever since resided in, Chicago, where appellee, assisted by her husband, has carried on the merchant tailoring business. Appellee owned real estate in Massachusetts, but converted it into money, which was invested in real estate in Kansas City while she was living there. Her husband having failed in the tailoring business in that city, she sold her real estate there, brought the money to Chicago, and soon after invested it, or the larger part of it, on her own account and in her own name, in the tailoring business in Chicago, which business was continued by her until the date of the alleged trespass hereinafter stated.

Appellants having an unsatisfied judgment against William F. Brabrook, caused an execution thereon to be issued, and levies made by the sheriff of Cook county on the stock of goods in the store of appellee, supposing and charging that the goods were in reality the property of the execution debtor. This was a suit in trespass, brought by appellee against the execution creditors and said sheriff and one Westrow, for such alleged wrongful levies, judgment being rendered against appellants for $2,912 in the court below.

It will be observed that the title of appellee must depend on the law of Massachusetts or Missouri, or possibly both. There being no proof of those laws, the presumption is that the common law prevailed in both States, by virtue of which the title to the wife's money and personal property, other than choses in action, vested in the husband. This is the rule, though the money has been invested in goods in the wife's name, the goods sold and replaced many times, and the fund largely increased in amount. We need only refer to the case

of Hanchett v. Rice, 22 Ill. App. 442, where this question is carefully considered, and, for this court at least, settled as stated.

On the evidence in this record, the court should have found the defendants not guilty, for the reason here given. There is no other error in the record, but for that set forth the judgment of the court below is reversed and the cause remanded for a new trial.

*Reversed and remanded.*