# In the Matter of the Petition of Clark Lipe, an Insolvent Debtor,

## v.

# John A. McClevy and Clemens F. Periolat.

*Husband and Wife—Poor Debtor—Property in Hands of Wife.*

1.  By the common law, the income of a wife's real estate and all her personal property, except choses in action not reduced to possession by the husband, belongs to the husband absolutely, even though it continues in the possession of the wife; such property is regarded in law as his, and under his control, and subject to his absolute disposal.

2.  The common law rule is presumed to be the controlling rule in every State where it is not shown that a married woman statute is in existence.

[Opinion filed June 25, 1891.]

Appeal from the County Court of Cook County; the Hon. Richard Prendergast, Judge, presiding.

Messrs. Johnson & Bartlett, for appellant.

Mr. H. H. Anderson, for appellees.

Moran, P. J.   This is an appeal from a judgment of the County Court refusing to discharge appellant from arrest as an insolvent debtor, and finding that appellant was guilty of refusing to surrender his property, and that he had since the debt was contracted, fraudulently disposed of his property with intent to defraud his creditors.

It was very clearly shown that since this debt was contracted, appellant had given to his wife, in real estate and money, over $200,000. It is contended that he did not fraudulently convey this property to her, because at the time he conveyed it, he did not know of the existence of this claim against him, and it was not then sued.

Appellant is a resident of Denver, Colorado, and has resided there with his family since 1880; prior to this going to Den-

ver he had vested the title of Chicago real estate in his wife,
which she holds; since going to Denver, he testifies that he
gave his wife $25,000 in money, and purchased considerable
real estate, which he put in her name, and which she now
holds.

He lives in a house in Denver which is worth about $55,000,
which is in his wife's name, and which was paid for with money
earned by him on property bought for her in Denver; appel-
lant built six houses in 1888; he put into the buildings $18,000
and they cost some $38,000. He swears that he has no prop-
erty of his own in Denver or elsewhere; that he lives with
his wife, and she allows him $85 per month for whisky and
cigars, and boards him and pays for his clothes. The income
from the Chicago property is from twelve to thirteen thou-
sand dollars per annum, and she has besides that the income from
the six houses in Denver. While if the parties resided in this
State, the income from the Chicago property would be held
to belong to the wife, and appellant would have no claim to it,
it is otherwise when the wife receives the money out of this
State, unless it is shown that the common law does not prevail
in the State in which she receives it. By the common law the
income of the wife's real estate and all her personal property,
except choses in action not reduced to possession by the hus-
band, belongs to the husband absolutely, even though it con-
tinues in the possession of the wife; such property is regarded
in law as his, and under his control, and subject to his absolute
disposal. This rule of law is presumed to be the rule controlling
the property of the husband and wife in every State where it
is not proved to the court that a married woman statute is in
existence. Therefore, upon the evidence, the court could not
do otherwise than find that appellant refused to surrender his
property in payment of the debt for which he was arrested.

As to the presumption that the common law is enforced in
other States, when the contrary is not shown, see the case of
Hanchett v. Rice, 22 Ill. App. 442; Van Ingen v. Brabrook, 27
Ill. App. 401; and Miller v. MacVeagh, 40 Ill. App. 532, and
cases there cited.

A debtor who has placed five or six hundred thousand dol-

lars worth of property in the name of his wife, and who lives with her in a luxurious home, upon property that he has given her, and enjoys through her kindness an abundant income, can not complain of the severity of the law which compels him to apply some of the treasures he has laid up, in the hands of his wife, to the discharge of his honest debts.

The judgment of the County Court was correct on the facts as shown in this record, and it will therefore be affirmed.

*Judgment affirmed.*